IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
JAN 11 2008
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| Gordon D. Harbor, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AllianceOne Receivables Management, )<br>Inc., a Delaware corporation, )<br>)<br>Defendant. ) | No.<br><br>1: 08-cv- 0041 -LJM -WTL<br><br><br>Jury Demanded |

### COMPLAINT

Plaintiff, Gordon D. Harbor, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3. Plaintiff, Gordon D. Harbor ("Harbor"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt he allegedly owed to Dr. Logan-Ford for dental services (the "Dental Debt").

4. Defendant, AllianceOne Receivables Management, Inc. ("AllianceOne"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, AllianceOne was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Harbor.

## FACTUAL ALLEGATIONS

5. On September 8, 2004, Mr. Harbor and his wife filed a Chapter 13 bankruptcy petition in a matter styled: In re: Harbor, S.D. Ind. Bankr. No. 04-16418-JKC-13.

6. On November 8, 2007, Mr. Harbor filed an amendment to his bankruptcy petition adding to his list of creditors certain pre-petition debts that had been inadvertently omitted from his initial schedules, including the Dental Debt, and accordingly, notice of the amendment was sent to his creditors, via First Class U.S. Mail, by Mr. Harbor's bankruptcy counsel. See, Amended Schedule F to the Bankruptcy Petition and the Proof of Service to same, which are attached as Exhibits A and B, respectively.

7. Moreover, on November 12, 2007, Mr. Harbor's bankruptcy counsel filed an Amended Proof of Service confirming that notice of the Amended Schedule F was sent to Mr. Harbor's creditors, via First Class U.S. Mail, by Mr. Harbor's bankruptcy counsel. See, Amended Proof of Service, attached as Exhibit C.

8. On or about December 6, 2007, Mr. Harbor advised Defendant AllianceOne, via telephone, that the Dental Debt was included in his bankruptcy and

gave Defendant the pertinent information regarding his bankruptcy case. Additionally, on December 13, 2007, Mr. Harbor's bankruptcy counsel also advised Defendant AllianceOne, via telephone, that Mr. Harbor was represented by counsel as to the Dental Debt and that said debt was included in Mr. Harbor's bankruptcy.

9. Nonetheless, via a letter dated December 17, 2007, that was sent directly to Mr. Harbor, Defendant AllianceOne demanded that Mr. Harbor pay the Dental Debt. A copy of this letter is attached as Exhibit D.

10. All of Defendant AllianceOne's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### Demanding Payment Of A Debt That Is Not Owed

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

14. Stating that a consumer directly owes a debt that is, in fact, no longer directly owed due to a bankruptcy, is a false and/or deceptive or misleading representation which violates § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

3

15. Here, Defendant AllianceOne falsely stated in its collection letter (Exhibit D), that Mr. Harbor owed the Dental Debt when, in fact, Mr. Harbor no longer owed this debt directly to the creditor due to his Chapter 13 bankruptcy proceeding.

16. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA – Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-11.

18. Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant AllianceOne, and the creditor, Dr. Logan-Ford, both knew that Mr. Harbor was represented by an attorney in connection with his debts, specifically including the Dental Debt. By sending the December 17, 2007 collection letter directly to Mr. Harbor (Exhibit D), despite notice that he was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

20. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Gordon D. Harbor, prays that this Court:

1. Declare that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Harbor, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Gordon D. Harbor, demands trial by jury.

Gordon D. Harbor,

By: *[signature]*
One of Plaintiff's Attorneys

Dated: January 11, 2008

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Bonnie C. Dragotto   (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

Steven J. Halbert    (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)

5